IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HARRY W. ARIAS, JR., | : | Case No. 1:09-cv-558 |
| | : | |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER GRANTING |
| | : | MOTION TO DISMISS |
| GEORGE W. LAVENDER, JR., et al., | : | |
| | : | |
| Defendants. | : | |

Before the Court is Plaintiff's Motion to Dismiss Complaint Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2). (Doc. 133.) For the following reasons, Plaintiff's Motion is GRANTED.

**I.  BACKGROUND**

In August 2009, Plaintiff Harry Arias filed suit against Sheriffs George Lavender and Ronald Ward, among others, alleging deliberate indifference to Arias' medical needs while an inmate at the Ross and Highland County jails.  Defendants filed an answer to Plaintiff's Complaint in September 2009.  On November 11, 2009, the Court issued a scheduling order setting a discovery deadline of September 21, 2010 and a motion deadline of November 15, 2010.

On September 18, 2010, three days short of the close of the discovery period, Plaintiff moved to dismiss its Complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  Defendant states that from November 11, 2009, to present, Plaintiff made no attempt to engage in any form of discovery.  Defendants argue that Plaintiff is not entitled to a dismissal

1

without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) but state that they will not oppose the motion to dismiss if Plaintiff will pay Defendant's costs, expenses, and attorney's fees already incurred in defending this action.

## II. DISCUSSION

Federal Civil Rule 41(a)(2) allows a court to dismiss an action at the plaintiff's request "on terms that the court considers proper." Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice.

> Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court. The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit.
>
> In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (internal citations omitted).

Defendants state that Plaintiff has not been diligent in prosecuting the action: he did not request any written discovery and did not notice any depositions. Plaintiff's only stated reason for needing a dismissal is that "Plaintiff is indigent and incarcerated in state prison [and] undersigned counsel was not in a position to advance expenses in the matter." (Doc. 15 at 1.)

Defendants suggest that by filing his motion to dismiss just three days before the discovery deadline, Plaintiff appears to be attempting to avoid judgment on the merits of the case. The dispositive motion deadline is November 15, 2010; Defendants have not yet filed a motion for summary judgment but state that they plan to do so. Defendants contend that they have incurred costs and legal fees of more than $7300 in preparing for trial and drafting a dispositive motion. They state that proper terms of dismissal would include levying these fees and costs upon Plaintiff to "compensate the defendant for expenses in preparing for trial in light of the fact that a new action may be brought in another forum." (Doc. 14 at 5) (citing *Massey v. City of Ferndale*, No. 96-1386, 1997 WL 330652, at *3 (6th Cir. June 16, 1997)).

There is precedent for charging costs upon a Plaintiff who seeks dismissal under Rule 41(a)(2).

> Courts frequently require Plaintiffs to pay defense costs as a precondition to the granting of a dismissal without prejudice under Rule 41(a)(2). While attorneys' fee awards are generally not permitted when the dismissal is with prejudice, such awards are permissible on dismissals without prejudice. The reasoning behind this rule is that a dismissal without prejudice does not preclude the Plaintiff from initiating the same action again and causing the Defendant to again begin preparing for trial. While attorneys' fee awards are not mandatory when a cause of action is dismissed under Rule 41(a)(2), they are within the sound discretion of the district court.

*Massey*, 1997 WL 330652, at *3 (internal citations omitted).

In this case, Defendants provide no evidence demonstrating how they have incurred over $7300 in expenses other than to simply state that they have been preparing the case for a dispositive motion. The Court has no information as to how much of the $7300 is costs and how much is attorney fees. Defendants have conducted written discovery, submitted initial

3

disclosures, and attended one conference with the Court. In the absence of any evidence concerning the allocation of costs and fees requested, the Court cannot conclude that levying those costs and fees upon Plaintiff is proper. Furthermore, in the event Plaintiff does refile the action, Defendants presumably can apply the work done in the present case to its defense of the action as refiled. Plaintiff is not able to pursue the case at this time, and the Court finds that dismissal is appropriate.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Dismiss Complaint Without Prejudice is GRANTED.

IT IS SO ORDERED.

                                          ___s/Susan J. Dlott_____
                                          Chief Judge Susan J. Dlott
                                          United States District Court